United States District Court
Southern District of Texas
**ENTERED**
January 28, 2021
Nathan Ochsner, Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHERINE WATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-20-2037 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY *as Indenture Trustee, for New Century Home Equity Loan Trust 2005-2*, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 8). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a mortgage foreclosure case concerning property located at 8318 Homewood Lane, Houston, Texas 77028 (the "Property"). On January 26, 2005, Plaintiff Catherine Watkins ("Watkins") and her now-deceased husband, Jerry Watkins, allegedly refinanced the Property by a Texas Home Equity Note (the "Loan") executed with Carrington Mortgage Services, LLC ("Carrington"). Carrington is the mortgage servicer for Defendant Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-2

("Deutsche").[1] Watkins alleges after her husband passed away, she retained ownership of the property and attempted to work with the lender to resolve the Loan. Watkins further alleges Deutsche filed a suit to quiet title as to the Loan in state court and that she was unaware of the any of the proceedings. Watkins alleges she was never notified of delinquency from Deutsche.

Based on the foregoing, on June 1, 2020, Watkins filed this lawsuit against Deutsche in the 281st Judicial District Court of Harris County, Texas. Watkins asserts claims for: (1) fraud; (2) breach of contract; and (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and Regulation X of the Federal Code of Regulations ("Regulation X"), 12 C.F.R § 1024.41 *et seq*. Watkins also seeks exemplary damages and to abate foreclosure of the Property. On June 10, 2020, Deutsche removed the case to this Court on the basis of federal question jurisdiction. On September 21, 2020, Deutsche moved for summary judgment. Watkins did not file a response to Deutsche's motion for summary judgment. Pursuant to Local Rule 7.4, failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4.

---

[1] Watkins's petition names Deutsche Bank National Trust Company, as Trustee, In Trust for New Century Homeequity Loan Trust 2005-2 as defendant. However, Deutsche indicates, and Watkins did not dispute, the appropriate name is as provided above. Accordingly, the Court's docket and Order will reflect the corrected name as provided by Deutsche.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of*

*Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact

clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993))).

## III. LAW & ANALYSIS

Deutsche contends summary judgment is proper because Watkins does not have evidence to support her claims. Watkins did not file a response to Deutsche's motion for summary judgment. Pursuant to Local Rule 7.4, failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. The Court addresses each of Watkins's claims in turn.

### *A. Fraud*

Deutsche contends Watkins's fraud claim lacks merit because there is no evidence Deutsche ever made any material misrepresentations to Watkins. To establish a claim for fraud under Texas law, a plaintiff must show, *inter alia*, that a material representation was made that was false. *Lawrence v. Fed. Home Loan Mortg. Co.*, 808 F.3d 670, 374 (5th Cir. 2015).

Watkins alleges Deutsche committed fraud by: (1) "telling [Watkins] that [s]he had been approved for a short sale . . . when in fact they never intended to

consider any contract for sale of [the Property]"; and (2) Deutsche "attempt[ed] to foreclose on Plaintiff's home equity loan without a valid court order . . . ."[2] Deutsche produces evidence to show Carrington informed Watkins it could not consider Watkins for loss mitigation, including a short sale, because Watkins never completed the loss mitigation application.[3] In addition, Deutsche produces a court order from the 281st Judicial District Court of Harris County, Texas permitting Deutsche to foreclose on the Property.[4] Watkins did not respond to the motion and therefore fails to produce evidence showing Deutsche made any false, material representations. The Court therefore finds Watkins fails to establish a genuine issue of material fact as to whether Deutsche made a false, material representation. Thus, summary judgment is appropriate as to Watkins's fraud claim. Accordingly, the motion is granted as to Watkins's fraud claim.

---

[2] *Notice of Removal*, Document No. 1, Exhibit A at 10, ¶¶ 31–32 (*Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction*) [hereinafter *Watkins's Petition*].

[3] *Defendant's Motion for Summary Judgment*, Document No. 8, Exhibit A-5 (*December 1, 2018, Letter to Watkins Re: Incomplete Loss Mitigation Application*), Exhibit A-7 (*June 19, 2019, Letter to Watkins Re: Incomplete Loss Mitigation Application*).

[4] *Defendant's Motion for Summary Judgment*, Document No. 8, Exhibit A-4 at 2 (*Final Judgment*).

*B. Breach of Contract*

Deutsche also contends Watkins's breach of contract claim fails, because she materially breached the Loan. A party to a contract who is in default cannot maintain a suit for its breach. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. Comm'n App. 1940, opinion adopted)); *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *4–5 (S.D. Tex. June 6, 2012) (Rainey, J.). Deutsche produces evidence showing Watkins defaulted on the Loan.[5] Watkins did not respond and therefore does not produce any evidence to the contrary. Thus, Watkins cannot maintain a suit for breach of contract. Accordingly, the motion is granted as to Watkins's breach of contract claim.

*C. RESPA and Regulation X*

Deutsche contends Watkins cannot maintain a claim for violations of RESPA and Regulation X, because she never completed a loss mitigation application. RESPA and Regulation X were implemented to provide loss mitigation options for borrowers and to set the procedures by which loan services were to process loss mitigation applications. *See Christiana Trust v. Riddle*, 911 F.3d 799, 802–03 (5th Cir. 2018). Upon the submission of a loss mitigation application, the loan servicer is

---

[5] *Defendant's Motion for Summary Judgment*, Document No. 8, Exhibit A-9 (*Delinquency Notice to Watkins*).

required to provide notice to the borrower of whether the application is complete or incomplete. 12 C.F.R. § 1024.41(b). If the application is incomplete, the loan servicer is required to notify the borrower of what documents are missing from the application and give a deadline for supplementation. 12 C.F.R. § 1024.41(b)(2)(i)(B), (b)(2)(ii). A loan servicer is only required to comply with the requirements of § 1024.41 when provided a complete loss mitigation application. *See* 12 C.F.R. § 1024.41(c)(2)(ii).

Watkins alleges Deutsche did not respond to "Plaintiff's contract for sale after telling Plaintiff that he was approved for a short sale, and instead of actually providing any type of substantive review and response to Plaintiff's requests, Defendants have proceeded to post [the Property] for foreclosure sale . . . ."[6] Watkins does not specify which section of RESPA or Regulation X to which she alleges Deutsche did not comply. Deutsche produces evidence to show Watkins never completed a loss mitigation application and that Deutsche gave notification indicating what information was missing and a timeline for supplementing the application with the missing information.[7] Watkins did not respond and therefore has produced no evidence to show she completed a loss mitigation application. Thus,

---

6 *Watkins's Petition*, *supra* note 2, ¶ 42.

7 *Defendant's Motion for Summary Judgment*, Document No. 8, Exhibit A-5 (*December 1, 2018, Letter to Watkins Re: Incomplete Loss Mitigation Application*), Exhibit A-7 (*June 19, 2019, Letter to Watkins Re: Incomplete Loss Mitigation Application*).

Watkins fails to establish a genuine issue of material fact as to her RESPA and Regulation X claim. Accordingly, the motion is granted as to Watkins's RESPA and Regulation X claim.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 8) is **GRANTED.**

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this 27 day of January, 2021.

DAVID HITTNER
United States District Judge